Valerie BROWN, Plaintiff–Respondent,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant–Appellant.

No. 71290.

Supreme Court of Missouri, En Banc.

Sept. 8, 1989.

Robert E. Rapp, Clayton, for defendant-appellant.

Elbert A. Walton, Jr., St. Louis, for plaintiff-respondent.

ROBERTSON, Judge.

At issue in this case is the application of the doctrines of waiver and estoppel under circumstances in which an insurance company denies coverage by letter claiming that the loss was "not a loss as defined by your policy." The insured sued the insurance carrier for her loss and for vexatious refusal to pay. The trial court sustained the insured's motion in limine, thereby prohibiting the insurer from introducing its evidence that the loss was not covered under the policy, and directed a verdict in favor of the insured on the issue of liability on her loss. The jury assessed damages under the policy and a penalty for vexatious refusal to pay. The Court of Appeals, Eastern District, reversed and remanded. We granted transfer in this case to consider whether an insured must show prejudice before the insurer is precluded from asserting a more specific defense. We have jurisdiction. Mo. Const. art. V, § 10. Reversed and remanded.

I.

Respondent, Valerie Brown, owned a 1979 Chevrolet Monza insured by appellant,

State Farm. On June 28, 1984, she left the automobile on a parking lot in the City of St. Louis while she traveled to Jefferson City, Missouri. She returned June 30 to find the car missing. It was subsequently found stripped and burned. Brown filed a claim with State Farm on the grounds that the car had been stolen. State Farm contacted the police. During the course of the investigation which followed, police questioned Brown concerning the condition of the car when stolen and the circumstances of the theft. Within a month of the claim, on July 26, 1984, State Farm sent a letter to Brown denying liability under the policy. The letter stated:

> Our investigation indicated that this is not a loss as defined by your policy. It should also be noted that the prior damage less the salvage value would exceed the actual value of this vehicle.
>
> The vehicle is currently located at MAP-CO (Midwest Auto Pool Corp.), 4460 Highway 162, Granite City, Illinois 62040, Missouri telephone number 436-0100 (toll free). If you desire to have them sell the salvage, please notify that organization. There is $301.50 in charges and that figure includes their pool service charge.
>
> State Farm will not make a payment regarding this incident.

The relevant theft coverage set out in the policy defines "loss" as "each direct and accidental loss of or damage to: 1. your car...."

Brown filed suit against State Farm claiming coverage under the policy and averring vexatious refusal to pay. In its answer to the petition, State Farm asserted that the loss had been sustained "through the act, procurement or design of plaintiff and/or with plaintiff's full knowledge and consent."

On the day of trial, Brown offered a motion in limine seeking to prevent State Farm from presenting any evidence that Brown's loss was not a theft covered by the policy. The trial court sustained the motion. The effect of this ruling was to deny State Farm the opportunity to present any evidence that plaintiff acquiesced in the theft or from introducing any other reasonable grounds for denying coverage. The trial court thus directed a verdict in favor of Brown as to State Farm's liability on the insurance contract. The jury assessed damages on the policy at $2,500 for Brown's car and interest of $575. The jury also found in favor of Brown on her claim that State Farm's refusal to pay was vexatious, awarding a penalty of $676 and attorneys fees of $12,000.

## II.

State Farm first urges that the trial court erred in sustaining respondent's motion in limine, thereby excluding all evidence tending to show that the car had not been stolen. Brown argues that because State Farm had not fully apprised her of its reasons for denying the claim in the letter, it could not now defend on grounds not asserted in the letter.

As Brown states, the general rule announced in the cases is that "an insurer, having denied liability on a specified ground, may not thereafter deny liability on a different ground." *Stone v. Waters*, 483 S.W.2d 639, 645 (Mo.App.1972).

We granted transfer in this case to consider whether an insured must show prejudice before the insurer may be precluded from asserting a subsequently offered, more specific defense.

## A.

The rule finds its roots in the doctrines of waiver and estoppel. Classically, estoppel requires "(1) an admission, statement, or act inconsistent with the claim afterwards asserted and sued upon, (2) action by the other party on the faith of such admission, statement, or act, and (3) injury to such other party, resulting from allowing the first party to contradict or repudiate the admission, statement, or act." *Mississippi–Fox Drainage Dist. v. Plenge*, 735 S.W.2d 748, 754 (Mo.App.1987). Waiver is founded upon "the intentional relinquishment of a known right." If waiver is "implied from conduct, the conduct must clearly and unequivocally show a purpose to

relinquish the right." *Shapiro v. Shapiro,* 701 S.W.2d 205, 206 (Mo.App.1985).

■ To state the obvious, waiver and estoppel are different legal doctrines.

> Waiver involves the act or conduct of one of the parties to the contract only. An estoppel involves the act or conduct of both parties to a contract. A waiver ... involves both knowledge and intent. Estoppel may arise when there is no intent to mislead. A waiver does not necessarily imply that one has been misled to his prejudice or into an altered position. An estoppel always involves this element.

*Farm Bureau Mutual Automobile Ins. Co. v. Houle,* 118 Vt. 154, 102 A.2d 326, 330 (1954).

The seminal case from this Court refers solely to waiver. In *Goffe v. National Surety Co.,* 321 Mo. 140, 9 S.W.2d 929, 938 (1928), the terms of the bond in question required that all claims be made within three months of the expiration of the bond. Nevertheless, the insured filed a claim after the expiration of the three-month period. The Court held that where the bonding company undertook to investigate the claim, the company "waived such defense by failing to disclaim liability on that ground by undertaking to investigate the claim and by putting plaintiff to the trouble and expense of making proof of loss, after it had knowledge of such defense." *Id.*

*Goffe* stands for the proposition that the insurer waives its contractual right to deny coverage on the basis of the insured's failure to file a claim within the time requirements of the insurance contract when it undertakes to investigate a claim in a manner contrary to the terms of that contract. It is the insurer's unequivocal conduct, knowingly contrary to the claim provisions of its contract, that betrays the insurer's purpose to relinquish its right to rely on the contractual language. See *Block v. Guaranty Co.,* 316 Mo. 278, 290 S.W. 429, 437 (1926). ("[I]f the terms of the policy have been waived by the conduct and course of business of the insurance company, they no longer constitute any part of the policy...."); and *Mistele v. Ogle,* 293 S.W.2d 330, 334 (Mo.1956). ("It is defend-

ing an action with knowledge of noncoverage under a policy of liability insurance without a non-waiver or reservation of rights agreement that precludes the insurer from subsequently setting up the fact and defense.") (Emphasis in original).

Relying solely on *Goffe, Ash–Grove Lime & Portland Cement Co. v. Southern Surety Co.,* 225 Mo.App. 712, 39 S.W.2d 434, 441 (1931), applies waiver doctrine more broadly. "It is the rule in this state that when an insurance company denies liability and states the ground, or grounds, for such denial, it waives all grounds not so specified."

Apart from *Goffe,* a separate line of cases arose, founded on estoppel theory. These cases require a showing of prejudice to the insured before the insurer is precluded from asserting a subsequent defense. *Mitchell v. American Mutual Ass'n.,* 226 Mo.App. 696, 46 S.W.2d 231, 236 (1932), recognizes the legal distinction between waiver and estoppel, but makes reference to "waiver by way of estoppel." Nevertheless, *Mitchell* states, "One of the conditions for the application of the rule is that the insured or the beneficiary has been misled to his prejudice on account of the position of the company." *Mitchell,* 46 S.W.2d at 238.

*Stone v. Waters,* 483 S.W.2d 639, 645 (Mo.App.1972), is consistent with *Mitchell* in espousing estoppel theory. *Stone* broadens the scope of the prejudice requirement stating that the expense of bringing suit is sufficient prejudice to justify estoppel. "The reason for the rule is clearly that the insured ... has acted on the asserted position of the insurer and incurred prejudice (having no opportunity to meet the new defense) or expense of bringing suit." *Stone* cites *Aetna Casualty & Surety Co. v. Haas,* 422 S.W.2d 316, 321 (Mo.1968). *Haas* states the rule without analysis, merely citing *State Farm Mutual Automobile Ins. Co. v. Central Surety & Insurance Corp.,* 405 S.W.2d 530, 532 (Mo.App.1966). *Central Surety* cites *Goffe.* It thus appears that *Stone* extrapolates from *Goffe's* "putting plaintiff to the trouble and expense of making proof of loss, after

[the insurer] had knowledge [that the claim was not timely filed under the terms of the contract]" language, 9 S.W.2d at 938, to arrive at the conclusion that it is sufficient prejudice to the insured to support estoppel if the insured undertakes the expense of filing suit.

*Morris v. Reed,* 510 S.W.2d 234, 240 (Mo. App.1974), attempted a reconciliation between the cases.

[T]his seeming conflict [between cases espousing waiver and those relying on estoppel], so far as it concerns the law of this state, is more apparent than real. This is for the reason that no Missouri case has required any more than a very slight degree of prejudice to the claimant in this situation, it being held that the mere trouble and expense of bringing suit is enough. *Stone v. Waters,* ...; *Goffe v. National Surety Co.,* ...; *Ash–Grove L. & P. Cement Co. v. Southern Surety Co.,* ....

**B.**

This extended tour of the case law does no more than portray the frustration that accompanies the attempt to find clearly stated principles underlying the rule upon which Brown relies. We see no reason for this uncertainty to exist. To the extent that we rely on the clear definitions of estoppel and waiver developed by the law, much of the mist of confusion will lift.

■ *Goffe* lies at the heart of the confusion by proclaiming that prejudice is an element of waiver. Prejudice is an element of estoppel. Prejudice plays no part in long-accepted definitions of waiver; it is the voluntary relinquishment of the right to rely on the contractual provision which forms the basis of the waiver. Insofar as it infers that prejudice is an element of waiver, *Goffe* is incorrect.[1]

We believe that *Macalco Inc. v. Gulf Ins. Co.,* 550 S.W.2d 883, 891–2 (Mo.App.1977), correctly states the law. "[A]n examination of the cases shows estoppel, with some element of unfairness, lack of notice, or other detriment to the insured, rather than voluntary waiver without such element, is

the preferred theory when the insurer elects a policy defense".

■ By stating the preference, we do not preclude the application of waiver doctrine under appropriate circumstances. Nevertheless, the statement of the preference is intended to say that in the absence of either (1) an express waiver by the insurer or (2) conduct which clearly and unequivocally shows a purpose by the insurer to relinquish a contractual right, the insured must show prejudice before the rule may be invoked. Our focus on estoppel is consistent with cases from each of the districts of the court of appeals. See *Morris v. Reed,* 510 S.W.2d 234, 240 (Mo.App.1974); *State ex rel. Shelter Mut. Ins. Co. v. Crouch,* 714 S.W.2d 827 (Mo.App.1986); *Martinelli v. Security Ins. Co. of New Haven,* 490 S.W.2d 427, 433 (Mo.App.1973). To the extent, however, that those cases say that the mere trouble and expense of bringing suit is sufficient prejudice to support estoppel in all cases, they are incorrect.

■ As we have previously said, estoppel requires "(1) an admission, statement or act inconsistent with the claim afterwards asserted and sued upon, (2) action by the other party on the faith of such admission, statement or act, and (3) injury to such other party, resulting from allowing the first party to contradict or repudiate the admission, statement, or act." *Mississippi–Fox River Drainage Dist.,* 735 S.W.2d at 754. Thus, under an estoppel theory, the insurer must first announce a specific defense and subsequently seek to rely instead on an inconsistent theory. See *State Farm Mutual Automobile Ins. Co. v. Central Surety and Ins. Corp.,* 405 S.W.2d 530, 532 (Mo.App.1966). ("[H]aving denied liability for a stated reason, an insurer may not later assert a different one."); *Morris,* 510 S.W.2d at 240. ("[O]nce an insurer denies liability on a given ground, it may not thereafter defend on a different ground."); *Crouch,* 714 S.W.2d at 827. ("It is often stated that if an insurer denies liability upon a specified ground or defense, all other grounds or defenses are waived....").

---

1. But see footnote 2, infra.

It is the announcement of the specific defense which lulls the insured into relying to his detriment and subsequent injury on the insurer's stated position. Thus "the rationale of these cases is that the plaintiff has relied to his detriment on the assertion of the defense by preparation to meet that issue and that the defendant may not shift the grounds of the defense after the fact." *Morris v. Travelers Ins. Co.*, 546 S.W.2d 477, 487-8 (Mo.App.1976). See 44 Am. Jur.2d, Insurance § 1665, 659. ("No ... estoppel results ... where no prejudice results to the claimant from reliance on the statement of the insurer.")

But the converse is true, as well; absent a statement which excludes other defenses and upon which the insured reasonably relies in preparing to preserve its claim, estoppel is not applicable. And where the insurer's initial denial is stated in such a way that it reasonably implies the subsequently, but more specifically stated, consistent reason for denial, the insured cannot claim she changed her position or relied to her detriment on the insurer's initial denial; estoppel may not be invoked. *Home Federal Sav. & Loan Ass'n of Chicago v. Republic Ins. Co.*, 405 F.2d 18 (7th Cir.1968).

### C.

We turn now to the case before the Court. State Farm initially denied Brown's claim, saying that "this is not a loss as defined by your policy." The policy defined a loss as "each direct and accidental loss of or damage to: 1. your car...." State Farm's answer to Brown's petition indicated that the loss was not accidental by saying, "whatever loss was sustained by plaintiff, the same was sustained through the act, procurement or design of plaintiff and/or with plaintiff's full knowledge and consent". The rationale advanced in State Farm's answer to the petition is not inconsistent with and may be implied in the denial in the letter.[2] It cannot be reasonably said that she relied to her detriment on the general denial statement contained in State Farm's denial letter; she may not now invoke estoppel. The trial court erred in prohibiting State Farm from presenting evidence of Brown's alleged complicity in the theft.

### III.

Other points are presented for our review on appeal. The point we decide requires that appellant receive a new trial at which it will be allowed to present evidence of respondent's actions with regard to the theft of her automobile. We need not, therefore, address appellant's remaining points.

The judgment of the trial court is reversed and the cause is remanded for a new trial.

All concur.

---

**2.** We need not consider in this case the effect of a continuing refusal by State Farm to clarify the basis for its denial had Brown sought one prior to litigation. Depending on the circumstances, a subsequent refusal by the insurer to provide a more specific statement of reasons may constitute conduct that shows an intention to relinquish the right to defend. Further, we intend no comment on Brown's claim for vexatious refusal to pay. The issue here is solely whether State Farm should be allowed to present its evidence of Brown's alleged complicity in the theft of her car. Should the jury determine that Brown's loss was covered under the policy, State Farm's failure to provide a more specific denial in its initial letter is a factor for the jury's consideration in Brown's vexatious refusal to pay claim.