Delores DEPRIEST, Appellant,

v.

STATE FARM FIRE AND CASUALTY COMPANY, Respondent.

No. WD 41657.

Missouri Court of Appeals, Western District.

Nov. 7, 1989.

Howard E. Bodney, Overland Park, Kan., for appellant.

Paul H. Niewald and Michael Y. McCormick, Niewald, Waldeck, Norris & Brown, Kansas City, Mo., for respondent.

Before MANFORD, P.J., and SHANGLER and CLARK, JJ.

CLARK, Judge.

Appellant Delores Depriest made claim against respondent State Farm Insurance Company for a burglary loss allegedly covered under policies respondent had issued to Depriest. The claim was denied and Depriest filed suit. A jury found in favor of Depriest, but the trial judge granted a new trial on the ground that it had erroneously denied respondent the opportunity to present a defense based on rescission of the policy. Depriest appeals.

The facts relative to respondent's defense to the claim are, for purposes of the issues on this appeal, stated as follows. Depriest applied to State Farm for homeowners and personal articles insurance policies and represented on the applications that she had suffered no losses during the preceding three years and, during the same period, no insurer had cancelled or refused to renew for her account any similar insurance. These statements were false. In fact, Depriest had filed three claims during the period and her previous insurance carrier had cancelled her policy due to a suspicious loss.

On September 25, 1984, less than one month after State Farm had issued the insurance to Depriest under which the current claims are presented, Depriest suffered the alleged loss of $13,816.99 due to burglary. In the course of investigating the claim, State Farm discovered the misrepresentations by Depriest in her policy applications. Accordingly, State Farm denied the claim stating in a letter to Depriest that the damages she claimed exceeded any actual loss and that she had willfully concealed and misrepresented material facts in her proof of loss and examination under oath. The letter also stated that Depriest should expect to receive notification from the State Farm regional office that her policies were cancelled because of misrepresentation in her applications for insurance. This second letter rescinding the policies was sent to and received by Depriest three days after the first letter in which the claim was denied.

At the trial of Depriest's suit, the judge sustained plaintiff's motion asking that State Farm's defense of policy rescission be excluded from evidence. The motion was based on Depriest's contention that State Farm was estopped from presenting the defense. According to Depriest's argument, an estoppel was created when, in the claim denial letter, State Farm failed to inform Depriest that her application misrepresentations and the later rescission of the policies based on those misrepresentations were the grounds for denying the claim. The granting of plaintiff's motion resulted in the jury hearing no evidence about the rescission of the policies under which the claim was made or about the record of questionable claims Depriest had filed in the past.

The trial court sustained State Farm's motion for a new trial, recognizing that it had erred when it excluded the defense of policy rescission. Depriest argues on appeal that the court's first ruling was correct based on *State ex rel. Shelter Mutual Ins. Co. v. Crouch*, 714 S.W.2d 827 (Mo. App.1986). She contends that where an insurer denies liability on a specific ground or defense, it is thereafter estopped to assert later other grounds or defenses if the original denial was made with full knowledge of the facts.

■ Depriest's reliance on a theory of estoppel fails initially on the facts in this case, in particular because of the content of the first State Farm letter which reported the denial of Depriest's burglary loss claim. Although the letter did recite as defenses against paying the claim the assertions that Depriest had overstated the loss and had misrepresented the facts, the letter also informed Depriest that the prior extension of coverage under the policies was being rescinded. The language in the letter: "You will also be receiving a letter * * * rescinding both your Homeowner's Policy and your Personal Articles Policy * * * based upon misrepresentations on the applications for insurance," indicates that rescission was to be an additional ground for denying payment. Even under

the holding in *Shelter Mutual, supra,* State Farm was entitled to introduce the defense of policy rescission and the facts of Depriest's misrepresentations in her applications for the insurance. There was no shifting of ground as required where estoppel applies.

Depriest chose to ignore the portion of the claim denial letter mentioning rescission, and the subsequent notification that the policy had been cancelled as of its inception, construing the notice to state only the first mentioned bases for refusal to pay the claim. Even were this construction of the facts correct, however, the doctrine of estoppel is not applicable because Depriest has not shown prejudice necessary to invoke the doctrine.

■ In *Brown v. State Farm Mutual Auto. Ins. Co.,* 776 S.W.2d 384 (Mo. banc 1989), the court examined the theories of waiver and estoppel as applied to statements of defenses by insurers when denying coverage for claims. The court indicated that waiver is the intentional relinquishment of a known right and where implied from conduct, the conduct must clearly and unequivocally show a purpose to relinquish the right. Prejudice is not an element of waiver but it is an essential element of estoppel. *Brown,* 776 S.W.2d at 387 and 388. In the present case, Depriest does not rely on the doctrine of waiver but instead, contends the reference by State Farm in its first responsive letter to the overstated loss and misrepresentation estops State Farm from defending on the ground of policy rescission. Therefore, Depriest must show prejudice before the estoppel can operate to deny State Farm the defense.

■ The prejudice required to invoke estoppel involves proof by the insured that he relied on the specific claim defense which the insurer first announced and that he has suffered or will suffer an actual detriment if the insurer is permitted to substitute an inconsistent theory of defense. The mere trouble and expense of bringing suit does not amount to the prejudice required to invoke the estoppel doctrine. *Brown,* at 388. To the extent *Shelter Mutual, supra,* holds otherwise, it is overruled by *Brown.*

■ Even were the reference in State Farm's claim denial letter to the pending rescission of Depriest's policies to be ignored, Depriest has neither contended nor proved any prejudice attributable to State Farm's asserted defense of rescission. Depriest does not argue that she suffered any handicap in presenting her claim or that she was in any way misled if it be so that she did not anticipate the rescission defense. In consequence, the estoppel concept was unavailable as a ground for Depriest's motion and State Farm should not have been precluded from utilizing the defense and evidence of Depriest's false statements in her policy applications.

■ Finally, under the decision in *Brown,* even if the reference by State Farm to the prospective notice Depriest would receive of rescission of her policies was no more than an implication that other defenses might be forthcoming, such was enough to preserve the rescission defense for later use. Where the first denial is stated in such a way that it reasonably implies the subsequently, but more specifically stated consistent reason for denial, the insured cannot claim the insurer has changed its position or that there has been detrimental reliance on the insurer's initial denial. *Brown,* 776 S.W.2d at 389.

For all of the reasons discussed above, the court correctly recognized it's error in sustaining Depriest's motion in limine and properly granted State Farm a new trial.

In a second point raised on this appeal, Depriest claims the trial court erroneously denied her motion to correct the jury verdict in the matter of the computation of interest due on the claim payment. Because the verdict in Depriest's favor is set aside upon the grant of a new trial, the point is moot.

The order granting a new trial on all issues is affirmed.

All concur.