**Glenda C. HITE, Respondent,**

v.

**AMERICAN FAMILY MUTUAL INSURANCE COMPANY,**
**Appellant.**

**No. WD 43396.**

Missouri Court of Appeals,
Western District.

July 9, 1991.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 27, 1991.

Application to Transfer Denied
Oct. 16, 1991.

Mark E. Kelly, Kansas City, for appellant.

Robert L. Cox, Clinton, for respondent.

Before TURNAGE, P.J., and LOWENSTEIN and BRECKENRIDGE, JJ.

BRECKENRIDGE, Judge.

Plaintiff-insured Glenda C. Hite sued Defendant-insurer American Family Mutual Insurance Co. to recover hospital and medical expenses under a health insurance policy. American Family denied liability stating that the policy did not afford coverage because the sickness which caused the expenses to be incurred manifested itself before the effective date of the insurance policy. Further, American Family affirmatively pleaded that Glenda Hite made material misrepresentations of fact on her application for insurance which failed to disclose the existence of the sickness which gave rise to the claimed expenses. The case was tried to the court without a jury and resulted in a judgment for Glenda Hite for medical expenses, interest, damages for vexatious refusal and attorney's fees.

The judgment is reversed.

In 1965, Glenda Hite suffered from an illness that resulted in her hospitalization at St. Joseph Medical Center in Wichita, Kansas. She was hospitalized for eight days in May and, two months later, for an additional thirty-six days. At discharge from the second hospitalization her diagnosis was acute rheumatic chorea with minimal carditis. Her medical records from the second hospitalization also indicated a systolic apical murmur (heart murmur). On October 5, 1982, Glenda Hite was examined by Dr. George Tiller, Wichita, Kansas. He diagnosed bronchitis and again detected a heart murmur.

Prior to her application for insurance, Glenda Hite was employed at the Holiday Inn in Clinton, Missouri, as a sales representative and supervisor of conventions. During the time of her employment, Glenda Hite would occasionally experience shortness of breath when she hurried or exerted herself on the job. She experienced leg fatigue, chest pain and a rapid heartbeat when she ran, exercised or exerted herself.

After Glenda Hite left employment at the Holiday Inn, she applied for insurance with American Family on September 21, 1988. Section 3 of the application for insurance asked:

3. Has any applicant in the past ten years had any indication of or been seen for:

(c) Shortness of breath, persistent hoarseness or cough, blood spitting, bronchitis, hay fever, pleurisy, allergies, asthma, emphysema or other respiratory disorder?

(d) Chest pain, palpitation, high blood pressure, rheumatic fever, heart murmur, heart attack, varicose veins, anemia or other disorder of the heart blood or blood vessels?

Glenda Hite answered in the negative to both questions. Glenda Hite signed the application which included a declaration stating "that all statements and answers in this application are correctly recorded, complete and true to the best of my knowledge and belief, and that the company may rely and act on them." Based upon the application, American Family approved health insurance coverage for Glenda Hite effective September 21, 1988.

The insurance policy incorporates the application for insurance. The policy states:

We agree with you, in return for your premium payment, to insure you:

1. Subject to all terms of this policy.

2. In reliance upon your application which is made a part of the policy. (emphasis in original)

On September 22, 1988, the day after her health insurance policy went into effect, Glenda Hite went to see Dr. Douglas Kenney, Clinton, Missouri, for a physical examination unrelated to her previous symptoms. At the time of this examination, Dr. Kenney found Glenda Hite's heart to be of a regular rate and rhythm.

Glenda Hite was again seen by Dr. Kenney on January 18, 1989. She related a history that "if exercises, gets very short winded and chest hurts-off and on for one

year, (i.e., jogging-aerobics)." In performing his examination, Dr. Kenney found a "very loud click mid systolic as well as a short systolic, but a relatively loud [heart] murmur." Dr. Kenney felt that Glenda Hite might be suffering from a heart condition called "mitral valve disease" and sent Glenda Hite to Dr. Thomas Good, a cardiologist.

On January 30, 1989, Glenda Hite gave Dr. Good a two-year history of shortness of breath, profound leg fatigue and rapid heartbeat when she exerted herself. After examination and testing, Dr. Good diagnosed Glenda Hite as having rheumatic heart disease manifested by mixed valvular disease. By their very nature, rheumatic heart disease and the accompanying mitral valve conditions are caused by a degenerative change over many years.

American Family refused to pay for the surgery resulting from the rheumatic heart disease and Glenda Hite brought this action. The trial court awarded Glenda Hite judgment for her hospital and medical expenses in the sum of $27,985.54, with interest thereon from April 13, 1989, at the rate of 9% in the sum of $2,518.69; damages for vexatious refusal of $2,948.54; and her attorney's fees of $5,884.20.

American Family alleges the trial court erroneously declared or applied the law in entering its judgment. American Family contends Glenda Hite is barred from recovery under the health insurance policy because (1) the mitral valve disease was manifest prior to the effective date of the insurance policy and therefore excluded under the policy and (2) Glenda Hite made material misrepresentations of fact on her insurance policy when she failed to disclose her shortness of breath, chest pain, rapid heart beat (palpitations), and heart murmur. American Family further alleges damages for vexatious refusal to pay were erroneously awarded because American Family had reasonable cause to deny coverage under the policy.

This is a court-tried action. The judgment of the trial court will be upheld by this court unless there is no substantial evidence to support it, unless it is against the weight of the evidence or unless it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). Under Rule 73.01(c)(2), due regard is given to the trial court's ability to determine the credibility of witnesses. *Murphy*, 536 S.W.2d at 32.

No findings of fact were requested, and as the trial court did not make any, all fact issues are determined in accordance with the court's judgment. Rule 73.01(a)(2); *Young v. Ray America, Inc.*, 673 S.W.2d 74, 78 (Mo.App.1984).

■ The dispositive issue is whether Glenda Hite materially misrepresented her physical condition in her application for insurance and therefore is barred from recovery of medical expenses. A misstatement in an application for insurance was recognized as a bar to recovery under the insurance policy in *Houston v. Metropolitan Life Ins. Co.*, 232 Mo.App. 195, 97 S.W.2d 856 (1936). In *Houston*, the court stated:

> [W]here material representations made in an application for ... insurance are warranted to be true, or the policy is conditioned upon the truth of the representations, or provides that the falsity of the representations shall avoid the policy, then the representations, if in fact untrue, will avoid the policy, though the representations were innocently made ... [b]ut where there is no such warranty or provision in the policy a misrepresentation, in order to avoid the policy must have been fraudulently made.

*Houston*, 97 S.W.2d at 860.

■ Incorporation of the application containing the misrepresentations into the insurance policy is an additional circumstance under which a policy may be avoided without the requirement that the misrepresentation be fraudulently made. *Coonce v. National Indemnity Company*, 213 F.Supp. 483, 486 (E.D.Mo.1962); *Taylor v. Black*, 258 F.Supp. 82, 86 (E.D.Mo.1966); *Continental Cas. Co. v. Maxwell*, 799 S.W.2d 882 (Mo.App.1990). As stated in *Continental Cas. Co. v. Maxwell*:

> Missouri law requires the insurance company demonstrate that a representation

is both false and material in order to avoid the policy when (1) the representation is warranted to be true, (2) the policy is conditioned upon its truth, (3) the policy provides that its falsity will avoid the policy, or (4) the application is incorporated into and attached to the policy. Otherwise, the insurance company must demonstrate that the representation in the application was false and fraudulently made in order to avoid the policy. 799 S.W.2d 882 at 888.

There is no dispute that the application for insurance made by Glenda Hite was incorporated into the American Family policy. Therefore, to avoid its policy American Family must prove only that representations of Glenda Hite on the application for insurance were false and material, not that the representations were fraudulently made. It is irrelevant whether Glenda Hite was aware of the conditions she denied in her application.

On her application for insurance, Glenda Hite stated that in the past ten years she had no indication of, nor had she not been seen for, shortness of breath, chest pain, palpitation or heart murmur. From her medical records and her own testimony, this is not true. Even if her representations were innocently made, they are indisputably false in that she had a heart murmur evident in 1982 and had suffered from shortness of breath, rapid heart beat, and chest pain for one to two years before she applied for insurance.

Upon a determination that the representations are false, the question becomes; are they material? A misrepresentation is material if "those engaged in the insurance business, acting reasonably and naturally, in the accordance with the practice usual among [insurance] companies under such circumstances" would have rejected the risk or charged a different premium. *Crewse v. Shelter Mut. Ins. Co.*, 706 S.W.2d 35, 39 (Mo.App.1985) quoting *Haynes v. MO. Prop. Ins. Placement Facility*, 641 S.W.2d 497, 499 (Mo.App.1982) (citing to *Chambers v. Metropolitan Life Insurance Co.*, 235 Mo.App. 884, 138 S.W.2d 29, 39 (1940)); *Bearden v. Countryside Casualty Company*, 352 S.W.2d 701, 707 (Mo.App.1961).

Glenda Hite argues American Family failed to present any evidence that the misrepresentations were material. While American Family was attempting to present evidence of materiality, counsel for Glenda Hite made no fewer than twenty-four objections that such evidence was irrelevant and immaterial, called for hearsay, was without proper foundation or was speculative. Although a few of these objections had merit, the trial court erroneously sustained the majority of such objections. Despite this, the agent for American Family testified as to the use of a manual designating physical conditions which cause concern to American Family. Said manual was also received into evidence.

A person engaged in the insurance business, acting reasonably and naturally, in accordance with the practice usual among insurance companies when aware of an applicant's chest pain, shortness of breath, palpitations and a heart murmur would either reject the risk (exclude coverage of the heart condition) or charge a higher premium. If Glenda Hite's application had correctly stated her physical condition, by answering "yes" to the questions on the application, American Family would have made an additional investigation before accepting the risk. It is inevitable that an additional investigation such as requesting medical records or a physical examination would have disclosed either Glenda Hite's long history of rheumatic heart disease or would have led to a diagnosis of her mitral valve condition. Either discovery when known by American Family would be considered by it, or any person engaged in the insurance business acting reasonably and naturally, in determining whether to issue the policy.

■ Glenda Hite argues that American Family waived or is estopped from raising the defense of misrepresentation, because its denial of her claim stated only that her sickness was not covered because it was manifest before the effective date of the policy. Estoppel rather than waiver is the

preferred theory when an insurer elects a policy defense. *Brown v. State Farm Mut. Auto Ins. Co.,* 776 S.W.2d 384, 388 (Mo. banc 1989). When the defense advanced at trial is not inconsistent with and may be implied in American Family's prior letters of denial, and when Glenda Hite cannot reasonably show she relied to her detriment on the denial statement in American Family's denial letter, she cannot invoke estoppel. *Brown v. State Farm Mut. Auto Ins. Co.,* 776 S.W.2d at 389.

It is also necessary to address the applicability of § 376.800, RSMo.1986.[1] Under § 376.800, a misrepresentation shall not render a policy void unless the matter misrepresented shall have actually contributed to the event on which the claim was made. Shortness of breath, palpitations, chest pain and a heart murmur were the natural symptoms of rheumatic heart disease and, therefore, the misrepresentations were of matters actually contributing to the contingency. Section 376.800 does not prevent American Family from utilizing its defense of misrepresentation.

Glenda Hite made representations on her application for health insurance which were false and material. The application was incorporated into the policy. The misrepresentations were of symptoms of rheumatic heart disease manifested by mitral valvular disease which was the basis for the claim. Glenda Hite's recovery under the health insurance policy of the hospital and medical expenses is barred. American Family's other contention of error, that the sickness was manifest before the effective date of the policy, will not be addressed.

■ Finally, American Family alleges error in the award of damages for vexatious refusal to pay. Noncompensatory damages for vexatious refusal of an insurer to pay a claim are available pursuant to § 375.420, RSMo.1986. In order to recover such damages, Glenda Hite must show that American Family's refusal to pay the loss is willful and without cause, as the facts would appear to a reasonable and prudent person. *Groves v. State Farm Mut. Auto. Ins. Co.,* 540 S.W.2d 39 (Mo. banc 1976); *Hay v. Utica Mut. Ins. Co.,* 551 S.W.2d 954 (Mo.App.1977).

It is well established under Missouri law, that an insured, acting in good faith, can insist without penalty on a judicial determination of questions of law or fact for which there is reasonable or probable cause for belief. *Cohen v. Metropolitan Life Insurance Company,* 444 S.W.2d 498, 506 (Mo. App.1969).

Here, American Family presented a valid defense to Glenda Hite's claim and there has been a judicial determination that her recovery under the policy is barred. The trial court's judgment that American Family's refusal to pay was willful and without reasonable cause must be reversed. By prevailing in its defense of the claim on the policy, American Family must prevail on the claims for damages for vexatious refusal and for Glenda Hite's attorney's fees.

The judgment is in all respects reversed.

All concur.

---

1. § 376.800, RSMo.1976 provides:
   Anything in the law to the contrary notwithstanding no misrepresentation made in obtaining or securing a policy of insurance covered by sections 376.770 to 376.800 shall be deemed material or render the policy void, or constitute a defense to a claim thereunder unless the matter misrepresented shall have actually contributed to the contingency or event on which any claim thereunder is to become due and payable, and whether it so contributed in any case shall be a question for the jury.
   § 376.773, RSMo.1986 states that the insurance policies covered by § 376.800 include "any policy or contract of insurance against loss resulting from sickness ..."