# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 05-3870

———————

Sheryl D. Osborn,

        Plaintiff-Appellant,

    v.

The Prudential Insurance Company of America,

        Defendant-Appellee.

Appeal from the United States
District Court for the
Western District of Missouri.

———————

Submitted: May 15, 2006
Filed: July 17, 2006

———————

Before WOLLMAN, BRIGHT, and RILEY, Circuit Judges.

———————

BRIGHT, Circuit Judge.

Sheryl Osborn, plaintiff-appellant, appeals the district court's[1] grant of summary judgment of dismissal in favor of The Prudential Insurance Company of America (Prudential). Osborn argues the district court erred in determining that Prudential did not waive its right to deny proceeds of Brad Draper's life insurance policy to her, the beneficiary of the policy. Prudential additionally asserts Osborn violated a protective order and Fed. R. Civ. P. 26(c) by including in the appellant's appendix information

---

[1]The Honorable Dean Whipple, Chief Judge, United States District Court for the Western District of Missouri.

that should have been filed under seal. We affirm the district court's grant of summary judgment and remand to determine whether Osborn violated the protective order.

The parties do not dispute the essential facts of the case. In 1998, Prudential issued a term life insurance policy to Brad Draper in the amount of $1,000,000. Three years later, in 2001, Draper failed to pay his premium by the required due date. Prudential sent Draper a letter of reinstatment informing him that the policy had lapsed but could be reinstated subject to various conditions, one of which was payment of all premiums "before the death of the insured." Thereafter, Draper established a pattern of paying his premiums after the due date but within the policy's thirty-one-day grace period. Prudential continued to insure him. On August 1, 2002, Draper again failed to make a timely premium payment. Draper died on September 10, 2002, without having paid his premium.

On September 18, 2002, Osborn's husband called Prudential to make a claim on the policy. Two Prudential employees told Mr. Osborn that the policy was still in force and that Prudential would send him a claim form. The next day, Mr. Osborn again spoke with the insurance company. Another employee told him that Draper had died nine days before the policy lapsed and reiterated that Prudential would honor the policy. Sheryl Osborn sent Prudential a death benefit claim form accompanied by the required documents. On October 1, 2002, Prudential sent Osborn a letter stating that it would pay no benefit on the policy as the policy had lapsed for failure to pay the premium.

Osborn filed suit against Prudential. Count I of her complaint asserted that Prudential waived its right to deny payment of the proceeds of the life insurance policy on the basis that Draper's failure to pay premiums resulted in a lapse of the policy. Count II stated that Prudential is estopped from asserting the same defense. Both Osborn and Prudential filed motions for summary judgment.

The district court granted Prudential's motion, determining that the facts did not establish either waiver or estoppel. Osborn now appeals the district court's decision to grant summary judgment on the waiver claim. She does not appeal the ruling on estoppel.

This court reviews de novo both the district court's grant of summary judgment and its interpretation of state law. Barry v. Barry, 78 F.3d 375, 376 (8th Cir. 1996). Summary judgment is appropriate when the evidence, viewed in the light most favorable to the non-moving party, demonstrates that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law. Id.

Osborn argues that the district court erred in granting summary judgment on the issue of waiver. Under Missouri law, to establish waiver of the defense of forfeiture, Osborn must show that Prudential (1) had knowledge of the facts giving rise to the defense, and (2) intentionally relinquished the right to assert the defense. Acetylene Gas Co. v. Oliver, 939 S.W.2d 404, 409 (Mo. Ct. App. 1996). "To rise to the level of a waiver, the conduct must be so manifestly consistent with and indicative of an intention to renounce a particular right or benefit that no other reasonable explanation of the conduct is possible." Id. (internal quotation and citation omitted). Waiver does not require prejudice to the insured. Brown v. State Farm Mut. Auto. Ins. Co., 776 S.W.2d 384, 388 (Mo. 1989).

The district court correctly determined that the facts of this case do not establish waiver. At no time did Prudential unequivocally indicate it knew of the availability of the defense of forfeiture but intended to relinquish the right to assert that defense. Although several Prudential employees had stated that the life insurance policy would be honored, these employees did not say that Prudential would honor the policy despite its lapse for nonpayment of premiums. Indeed, the last employee with whom Mr. Osborn spoke stated that Draper "passed away nine days before the policy actually lapsed." Rather than demonstrating Prudential's intention to honor the policy

despite its having lapsed, this statement shows that the employee did not have all the facts relating to the status of the policy and expressed only an intention to honor a policy that had not yet lapsed.[2]  Osborn does not show that the record establishes waiver.

Osborn also asserts that the district court erred in not applying the "equity abhors forfeitures" principle to this case.  In the past, Missouri courts have acknowledged this doctrine and seized upon slight cause to find a waiver or an estoppel with respect to forfeiture.  Bartleman v. Humphrey, 441 S.W.2d 335 (Mo. 1969).  However, more recent cases indicate that, although the doctrine may still apply with estoppel, it has been abandoned with respect to waiver.  Brown, 776 S.W.2d at 388.  Missouri courts will not now apply the "law abhors forfeitures" principle to find waiver in the absence of full knowledge of the facts giving rise to the forfeiture defense and an unequivocal intention to relinquish the defense.  See Depriest v. State Farm Fire & Cas. Co., 779 S.W.2d 347 (Mo. Ct. App. 1989); Hite v. Am. Family Mut. Ins. Co., 815 S.W.2d 19 (Mo. Ct. App. 1991).

For the foregoing reasons, the decision of the district court is affirmed.  Further, we remand to the district court to resolve the protective order issue.

_____

---

[2]Osborn argues that, under Missouri law, ignorance or mistake is no defense to waiver. This principle applies to the doctrine of estoppel, not waiver. Brown, 776 S.W.2d at 388.