# IN THE SUPREME COURT
## STATE OF NORTH DAKOTA

### 2023 ND 63

| | |
|---|---|
| Secura Supreme Insurance Company and Secura Insurance, a Mutual Company, | Plaintiffs and Appellants |
| v. | |
| Scott Differding, The Cincinnati Insurance Company, Nationwide Affinity Insurance Co. and Nationwide Mutual Insurance Company, | Defendants and Appellees |

### No. 20220213

Appeal from the District Court of Cass County, East Central Judicial District, the Honorable Reid A. Brady, Judge.

REVERSED.

Opinion of the Court by McEvers, Justice.

William P. Harrie, Fargo, ND, for plaintiffs and appellants.

Louise B. Miller, Minneapolis, MN, for defendants and appellees Scott Differding, Nationwide Affinity Insurance Co. and Nationwide Mutual Insurance Company.

Amy M. Oster (argued), Bismarck, ND, John W. Harkins IV (on brief), Billings, MT, Sabrina C. Haurin (on brief) and James M. Young (on brief), Columbus, OH, for defendant and appellee The Cincinnati Insurance Company.

**McEvers, Justice.**

[¶1] Secura Supreme Insurance Company appeals from a judgment ordering Secura to indemnify Scott Differding for damages awarded against him in a tort case. The district court, deciding cross motions for summary judgment, held Secura's policy did not insure Differding. The court nonetheless held Secura must indemnify Differding under theories of waiver and estoppel because it assumed his defense in the tort case without reserving the right to deny coverage. We hold Differding cannot invoke waiver and estoppel to create personal coverage under an insurance policy to which he is not a party and has no right to enforce. The district court's judgment is reversed.

I

[¶2] Aaron Greterman sued Oxbow Golf and Country Club, Inc., some of its board members, both in their official and individual capacities, as well as an individual named David Campbell. Greterman claimed slander based on an incident that occurred during a golf tournament at the country club. His initial complaint did not name Differding, who was an Oxbow board member. Secura insured Oxbow under a commercial general liability policy ("the CGL policy"). The CGL policy's coverage extends to the directors, "but only with respect to their duties as . . . officers or directors." Secura issued a letter to the Oxbow Board of Directors stating it would provide a defense, but Secura specifically reserved its right to deny coverage based on certain provisions in the CGL policy. The letter advised the board members that "[i]f you have coverage available to you under any other insurance policy, it is suggested that you report this matter to the other company so as not to invalidate the coverage."

[¶3] Greterman later amended his complaint. The amended complaint listed Differding both individually and in his official capacity as an Oxbow board member. Secura retained an attorney to represent Oxbow and the board members. The representation was not limited to the board members' official capacities. The case proceeded to trial. On the eighth day of trial, Secura issued

another reservation of rights letter. This letter was addressed to both the Oxbow Board of Directors as well as the individual board members. It is similar to the first letter and sets out the same reservations. The jury returned a special verdict on the tenth day of trial finding Greterman was slandered and attributing fault to the defendants in various percentages. The district court entered judgment against Oxbow for $432,257.82 and against Differding individually for $540,320.18, including post-judgment interest against both. Secura satisfied the judgment against Oxbow. Nationwide Insurance, which insured Differding under a homeowner's policy, satisfied the judgment against him.

[¶4]   Secura brought this action seeking a declaratory judgment that it is not obligated to indemnify Differding for his individual liability. Secura sought an alternative declaration that if it was liable, Cincinnati Insurance Company, which provided Oxbow with an officer's and director's insurance policy, is responsible for any amounts in excess of the $1 million CGL policy limit. Differding and Nationwide counterclaimed arguing Secura was barred from denying coverage based on waiver and estoppel. The parties filed cross-motions for summary judgment. The district court ruled in favor of Differding, Nationwide, and the Cincinnati Insurance Company. The court held:

> Secura's policy did not provide coverage for the individual liability assessed against Differding in the underlying case, but Secura provided Differding's defense, did not properly reserve its right to deny coverage to Differding, has waived its right to deny coverage, and is equitably estopped from denying coverage.

The court entered judgment ordering Secura to indemnify Differding for the judgment against him in the tort action in the amount of $561,333.46 plus interest. Secura appeals.

## II

[¶5]   Our standard for reviewing a district court's summary judgment is well established:

2

Summary judgment is a procedural device under N.D.R.Civ.P. 56(c) for promptly resolving a controversy on the merits without a trial if there are no genuine issues of material fact or inferences that can reasonably be drawn from undisputed facts, or if the only issues to be resolved are questions of law. The party seeking summary judgment must demonstrate there are no genuine issues of material fact and the case is appropriate for judgment as a matter of law. In deciding whether the district court appropriately granted summary judgment, we view the evidence in the light most favorable to the opposing party, giving that party the benefit of all favorable inferences which can reasonably be drawn from the record. A party opposing a motion for summary judgment cannot simply rely on the pleadings or on unsupported conclusory allegations. Rather, a party opposing a summary judgment motion must present competent admissible evidence by affidavit or other comparable means that raises an issue of material fact and must, if appropriate, draw the court's attention to relevant evidence in the record raising an issue of material fact. When reasonable persons can reach only one conclusion from the evidence, a question of fact may become a matter of law for the court to decide. A district court's decision on summary judgment is a question of law that we review de novo on the record.

*Larson Latham Huettl LLP v. Iversen*, 2023 ND 16, ¶ 5, 985 N.W.2d 662 (quoting *Cuozzo v. State*, 2019 ND 95, ¶ 7, 925 N.W.2d 752).

[¶6] Secura argues waiver and estoppel cannot be used to create coverage for Differding as a matter of law. We agree. Waiver and estoppel are distinct but related concepts:

[E]stoppel requires (1) an admission, statement, or act inconsistent with the claim afterwards asserted and sued upon, (2) action by the other party on the faith of such admission, statement, or act, and (3) injury to such other party, resulting from allowing the first party to contradict or repudiate the admission, statement, or act. Waiver is founded upon the intentional relinquishment of a known right. If waiver is implied from conduct, the conduct must clearly and unequivocally show a purpose to relinquish the right.

3

*D.E.M. v. Allickson*, 555 N.W.2d 596, 600 (N.D. 1996) (internal quotations and citation omitted) (quoting *Brown v. State Farm Mut. Auto. Ins. Co.*, 776 S.W.2d 384, 386-87 (Mo. 1989)). "Waiver involves the act or conduct of one of the parties to the contract only. An estoppel involves the act or conduct of both parties to a contract." *D.E.M.*, at 600 (quoting *Brown*, at 387).

[¶7]   There is a split of authority on the issue of whether waiver and estoppel can extend coverage to risks that are not included in the terms of an insurance policy. *See Wangler v. Lerol*, 2003 ND 164, ¶ 12, 670 N.W.2d 830; *see also* 46 C.J.S. *Insurance* § 1155 (March 2023 update). The majority rule is that waiver and estoppel cannot operate to extend coverage. *Wangler*, at ¶ 12; *see also Conklin v. N. Am. Life & Cas. Co.*, 88 N.W.2d 825, 830-31 (N.D. 1958) ("[W]aiver or estoppel may not be successfully urged as a method of bringing within the terms of the policy risks expressly excluded therefrom, or as a means of extending the coverage of the policy."). The rationale for the rule is that courts should not rewrite parties' insurance contracts to force an insurer to cover a loss for which the insured did not pay. *French v. State Farm Fire & Cas. Co.*, 950 N.E.2d 303, 310 (Ind. Ct. App. 2011); *see also Harr v. Allstate Ins. Co.*, 255 A.2d 208, 218 (N.J. 1969). "[I]f courts entertained the prospect that insureds could gain unpurchased coverage on account of collateral action by the insurer, unprotected insureds would have obvious incentive to pursue litigation." *Maxwell v. Hartford Union High Sch. Dist.*, 814 N.W.2d 484, 492 (Wis. 2012).

[¶8]   We applied the majority rule in *National Farmers Union Property & Casualty Co. v. Michaelson*, 110 N.W.2d 431 (N.D. 1961). Michaelson applied for insurance but died in a motor vehicle accident before an insurance company accepted her application. *Id*. at 435. The insurance company rejected the application after learning of the accident. *Id*. Claimants sued Michaelson's estate. *Id*. The insurance company participated in the defense without reserving its right to contest coverage. *Id*. Judgment was entered in favor of the claimants. *Id*. The insurance company brought a declaratory judgment action to determine its liability. *Id*. The claimants argued waiver and estoppel barred the insurance company from denying coverage because the company

4

participated in the defense without a reservation of rights. *Id.* at 438. We held waiver and estoppel could not operate to create a policy that did not exist:

> We do not believe, in a case where the deceased applicant had no insurance coverage at the time of the accident resulting in the injuries for which the appellants have brought their actions, as is true here, that the company, by undertaking to assist in the defense of such uninsured person or her estate, by such action in effect created a policy, thus enabling the judgment creditors of the applicant's estate to recover from the insurance company.

*Id.* As we have acknowledged, some courts have carved exceptions from the majority rule. *See Wangler*, 2003 ND 164, ¶ 12; *see also Cornhusker Cas. Co. v. Skaj*, 786 F.3d 842, 853-54 (10th Cir. 2015) (insurer may be estopped from denying coverage by unconditionally assuming the insured's defense); *Mgmt. Specialists, Inc. v. Northfield Ins. Co.*, 117 P.3d 32, 37-38 (Colo. App. 2004) (same); *Potesta v. U.S. Fidelity & Guar. Co.*, 504 S.E.2d 135, 150 (W. Va. 1998) (discussing exceptions for cases where an insurer misrepresents coverage or acts in bad faith).

[¶9]   Differding invokes one of these exceptions. He asserts Secura defended him in the underlying tort case without reserving its right to deny him coverage. Differding thus claims Secura was required to indemnify him under theories of waiver and estoppel. Differding relies on cases where courts have held insurers were estopped from denying coverage after providing their insureds with unconditional defenses or insufficient reservations of rights. *See Westport Ins. Corp. v. McClellan*, 493 F. Supp. 3d 315, 324-27 (E.D. Pa. 2020); *Interstate Fire & Cas. Co. v. Apartment Mgmt. Consultants LLC*, No. 13-CV-278, 2015 WL 5165858, at *10-11 (D. Wyo. Sept. 1, 2015); *First United Bank of Bellevue v. First Am. Title Ins. Co.*, 496 N.W.2d 474, 482 (Neb. 1993); *City of Carter Lake v. Aetna Cas. & Sur. Co.*, 604 F.2d 1052, 1060-61 (8th Cir. 1979). Based on these cases, Differding asks us to adopt an exception to the general rule (that waiver and estoppel cannot extend coverage) for cases where an insurance company has provided a defense without reserving its right to deny coverage.

5

[¶10] We need not decide whether to adopt the exception applied in the cases Differding relies upon. It is not applicable here. Unlike the parties invoking waiver and estoppel in those cases, Differding is not a party to the insurance policy or personally insured by it. An insurance policy is a contract. *K & L Homes, Inc. v. Am. Family Mut. Ins. Co.*, 2013 ND 57, ¶ 8, 829 N.W.2d 724. "An insurance contract relates to the parties executing it." *Medd v. Fonder*, 543 N.W.2d 483, 487 (N.D. 1996). Litigants cannot claim estoppel based on policies to which they are not a party; nor can they claim waiver of a provision in a policy they have no right to enforce. *Malakowsky v. Johannsen*, 374 N.W.2d 816, 818 (Minn. Ct. App. 1985) (holding non-party to insurance contract cannot invoke estoppel; "[e]stoppel can only affect rights reserved in the policy"); *W. Cas. & Sur. Co. v. Am. Nat'l Fire Ins. Co.*, 318 N.W.2d 126, 128 (S.D. 1982) ("Only the parties to the contract of insurance, or their privies, can claim the benefit of a waiver or an estoppel[.]"); *Donovan v. New York Cas. Co.*, 94 A.2d 570, 571 (Pa. 1953) ("[A] stranger to a contract of insurance is not in a position to invoke an estoppel or waiver of a condition in the policy."); 46 C.J.S. *Insurance* § 1156 (March 2023 update) ("[O]nly the parties to the contract of insurance can claim the benefit of waiver or estoppel . . . ."). As we have noted, estoppel for purposes of insurance "involves the act or conduct of *both parties to a contract.*" *D.E.M.*, 555 N.W.2d at 600 (emphasis added) (quoting *Brown*, 776 S.W.2d at 387).

[¶11] In this case, Differding is not personally a party to the insurance policy in question. The CGL policy is between Secura and Oxbow Golf and Country Club. Although coverage under the CGL policy may extend to Oxbow's directors in their official capacities, as the district court determined, and the parties do not dispute, Differding is not individually insured. As a matter of law, Differding cannot invoke waiver and estoppel to create coverage under an insurance policy to which he is not a party and has no right to enforce. We thus conclude the district court erred as a matter of law when it applied the doctrines of waiver and estoppel to require Secura to indemnify Differding for his personal liability.

## III

[¶12] The parties have raised a number of issues we need not decide. Differding argues Secura's reservation of rights letters were insufficient. Resolution of his argument is unnecessary because, regardless of the sufficiency of the letters, he is not entitled to coverage as a matter of law. Secura also raises various alternative arguments, in the event Secura is required to indemnify Differding, concerning priority among the insurers. Resolution of these arguments is also unnecessary given our holding that Differding is not entitled to coverage.

## IV

[¶13] The judgment is reversed.

[¶14] Jon J. Jensen, C.J.
     Daniel J. Crothers
     Lisa Fair McEvers
     Jerod E. Tufte
     Douglas A. Bahr