James W. ALCOCK, Appellant,

v.

The FARMERS MUTUAL FIRE INSURANCE COMPANY OF DeKALB COUNTY, Missouri, Respondent.

No. KCD 30642.

Missouri Court of Appeals, Western District.

Oct. 29, 1979.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 3, 1979.

Robert B. Paden, Maysville, for appellant.

Harold L. Miller, Day Miller, Maysville, for respondent.

Before SHANGLER, P. J., and SWOF-FORD and CLARK, JJ.

CLARK, Judge.

This action was commenced when defendant, a county mutual fire insurance company, denied plaintiff's claim for loss by fire of a dwelling house insured by defendant and owned by plaintiff. All relevant facts, essentially undisputed, were developed by the pleadings, affidavits and documents. Cross motions for summary judgment were filed and from the judgment entered for defendant, plaintiff appeals.

The controlling issue in this case is the construction and application of exclusionary language of the policy which provides:

". . . this company shall not be liable for loss occurring * * * while a described building, whether intended for occupancy by owner or tenants is vacant or unoccupied beyond a period of sixty consecutive days."

In entering judgment for defendant, the trial court held the policy terms "vacant" and "unoccupied" to be severable and inde-

pendent with the consequence that existence of either condition avoided the indemnity liability of defendant under its policy. Plaintiff contends that in so holding, the court erroneously declared or applied the law to defeat his policy claim.

The policy in question was issued effective August 21, 1973 for a term of five years insuring a frame house owned by plaintiff and located in Maysville, DeKalb County, Missouri. In early May 1976, plaintiff entered into a "Purchase Agreement" with Max and Nancy Hooper for monthly payments intended ultimately to lead to their purchase of the property. By reason of subsequent termination of the purchase agreement by mutual consent in December 1977, however, title was never conveyed by plaintiff and his insurable interest at relevant times is not in issue.

The Hoopers occupied the residence from the date of the purchase agreement until mid-August 1977. Thereafter, until December 1977, they maintained some furnishings and personal possessions in the subject house and continued to make payments to plaintiff under the agreement, but resided at some other location not disclosed in this record. On December 18, 1977, the Hoopers notified plaintiff that they would make no further payments and vacated the property, removing such furniture and effects as remained. The record is silent as to any physical presence of the Hoopers on the property or in the dwelling between mid-August and December 18, 1977. The destruction of the house by fire occurred January 12, 1978.

Plaintiff contends that because the Hoopers' household effects were in the structure to a date less than sixty days before the fire, the property was not vacant during the critical time period even though the Hoopers' change of residence some five months before may have rendered the house unoccupied. Plaintiff further argues that because the terms "vacant" and "unoccupied" are not synonymous, they are not severable and both conditions must concur before the policy exclusion is applicable. He cites *Drummond v. Hartford Fire Insurance Company*, 343 S.W.2d 84 (Mo.App.1960) and *Graves v. MFA Mutual Insurance Company*, 446 S.W.2d 154 (Mo.App.1969) and refers to the language of the policy coverage endorsement under the subject "Vacant Dwelling" as requiring this construction and result.

The language of the subject policy quoted above, and appearing in the section "Standard Provisions," is commonly employed in such policies and has been construed and applied in a number of cases. The term "vacant" means empty, without inanimate objects, deprived of contents. A thing is vacant when there is nothing in it. "Vacant" means abandoned and not used for any purpose. *Limbaugh v. Columbia Insurance Company of New York*, 368 S.W.2d 921 (Mo.App.1963); *Bledsoe v. Farm Bureau Mutual Insurance Company*, 341 S.W.2d 626 (Mo.App.1960); *Drummond v. Hartford Fire Insurance Company, supra.*

The term "occupancy" refers to human habitation. A building is unoccupied when it is no longer a place of abode. *Florea v. Iowa State Insurance Company*, 225 Mo.App. 49, 32 S.W.2d 111 (1930). Occupancy refers to use of property as a customary and usual place of habitation to which return is contemplated after temporary absence. *Bledsoe v. Farm Bureau Mutual Insurance Company, supra.*

While the authorities which have defined the terms at issue in this case do hold that "vacant" and "unoccupied" are not synonymous or interchangeable, such does not advance plaintiff's claim to avoid the policy exclusion. The language used is clearly in the disjunctive, indicating that either a condition of vacancy or unoccupancy extending for a period of sixty days constitutes a defense to a policyholder claim. Within the applicable period here, the structure, while not vacant, was unoccupied and the defendant is thereby relieved of liability.

Cases cited by plaintiff do not aid him. In both *Drummond* and *Graves*, some analogy on the facts was present in that the structures in each case contained furniture and personal effects during the sixty-day period preceding the casualty. Former oc-

cupants had departed more than sixty days earlier but factual questions were presented by evidence in each case of occasional, subsequent visits—in *Drummond* daily visits by a watchman or caretaker and in *Graves* visits by the former occupants once or twice a week and two sojourns overnight. Each case turned on resolution of the question of whether particular usage noncontinuous in character constituted sufficient habitation to amount to occupancy. No such facts being adduced here, the cases are not applicable.

Plaintiff also refers to the policy language included in an insert entitled "Coverage Endorsement and Provisions." Paragraph 2 of that endorsement is entitled "Vacant Dwelling" and provides that when a dwelling is vacant more than thirty days, policy coverage shall not extend to cover glass breakage or damage to interior decorations. The paragraph also states that vacancy of a dwelling without prior notice thereof to the company automatically reduces the amount of insurance by 50 percent. Plaintiff suggests that such language either equates vacancy with unoccupancy or modifies the disjunctive standard policy condition of vacant or unoccupied with the result that an unoccupied dwelling which is not vacant remains insured.

On the authorities previously cited, it must be concluded that a vacant building is by definition unoccupied. Occupancy is a condition requiring animate presence for some functional purpose in which inanimate objects such as furniture are employed. Absent inanimate objects, a structure cannot be occupied. The effect, therefore, of the coverage endorsement is to reduce the policy exposure by 50 percent immediately upon vacancy and to eliminate coverage for glass breakage and interior decorations if vacancy continues for more than thirty days. Occupancy is not a factor because vacancy presumes nonoccupancy. To the contrary, the coverage endorsement conditions do not apply if the structure is unoccupied but not vacant. In either event, under the standard provisions of the policy, if the dwelling is either vacant or unoccupied for more than sixty days, no liability for any loss exists.

Finally, it is to be noted that the Standard Provision of the policy excluding from coverage a building which is vacant beyond a period of sixty days is inconsonant with the Coverage Endorsement clause which provides coverage for a vacant dwelling at the reduced amount of one half of the stated policy limit. Alternatively, it may be contended that the latter clause prevails to extend coverage indefinitely during vacancy but at the reduced rate or, that coverage is at the reduced rate for the first sixty days and is terminated thereafter. Such issue, however, was not raised, briefed or argued by plaintiff and no resolution of the conflicting policy provisions is assumed. Although appellate review of court tried cases is on both the law and the evidence, it is limited to the specific matters urged on appeal by the parties. *Oliver v. City of Higginsville*, 527 S.W.2d 690 (Mo. App.1975); *DeBow v. Higgins*, 425 S.W.2d 135 (Mo.1968).

For the reasons stated, the trial court correctly construed and applied the law in granting defendant summary judgment. That judgment is affirmed.

All concur.