H. Neal **GRANNEMANN**, Appellant,

v.

**COLUMBIA INSURANCE GROUP**, Respondent.

No. WD 52523.

Missouri Court of Appeals, Western District.

Oct. 22, 1996.

J. Christopher Spangler, Sedalia, for appellant.

James T. Buckley, Sedalia, for respondent.

HANNA, Presiding Judge.

Plaintiff, H. Neal Grannemann, appeals from an order of the circuit court granting summary judgment in favor of Columbia Insurance Group and denying plaintiff's motion for summary judgment. The case involves rental property, which was vacant for more than 30 consecutive days before it was damaged by vandalism. The parties contest which of two exclusionary paragraphs in plaintiff's insurance policy is applicable, whether the defendant waived its right to raise the exclusionary clause that it argues denies coverage, and whether the unoccupancy exclusion of the policy was rendered inoperable by the enforcement of city ordinances requiring the insured to vacate the premises.

The parties stipulated to the underlying facts. Plaintiff owns a piece of rental property in Springfield, Missouri, which was insured by Columbia. In the fall of 1993, the City of Springfield found the property to be in violation of one or more of the city's ordinances regulating habitable structures. By a letter dated September 16, 1993, the utilities were disconnected and occupancy of the building was prohibited until the property was brought into compliance with the city's ordinances.

On January 28, 1994, while the insurance policy was in force, the property was vandalized. At that time, the repairs to the property were continuing, but not yet completed. Thus, the city had not granted permission for re-occupancy, and no person or tenant had lived on the property since September 16, 1993. During this period of time, the property was equipped with heating and cooling equipment, electrical outlets, sinks, toilets, light fixtures, a kitchen stove and a refrigerator.

Plaintiff filed a claim with Columbia for the damage caused by the vandalism to his property. Columbia denied "the vandalism claim based on the exclusion that the building was vacant more than 30 consecutive days prior to this loss." Plaintiff filed suit, and both parties moved for summary judgment. The trial court granted Columbia's motion and denied the plaintiff's motion. Plaintiff appeals.

Appellate review of the propriety of summary judgment is essentially *de novo*. *ITT Commercial Fin. Corp. v. Mid–America Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). The record is viewed in the light most favorable to the party against whom summary judgment was entered, and that party is afforded all reasonable inferences which may be drawn from the evidence. *Id.* Summary judgment will be affirmed on appeal if the reviewing court determines that no genuine issues of material fact exist and that the movant has a right to judgment as a matter of law. *General Motors Corp. v. City of Kansas City*, 895 S.W.2d 59, 61 (Mo.App. 1995), *cert. denied.* —— U.S. ——, 116 S.Ct. 277, 133 L.Ed.2d 197 (1995).

■ Plaintiff argues that the trial court erred in denying coverage based upon the unoccupancy exclusion because: 1) the policy specifically grants permission for unoccupancy of the building; and 2) Columbia waived and/or was estopped from raising the unoccupancy exclusion because it denied plaintiff's claim before trial solely on the basis of the "vacancy" exclusion.

The two exclusionary clauses of the insurance policy at issue provide:

**CONDITIONS APPLICABLE TO SECTION I:**

17. Vacancy, Unoccupancy and Increase of Hazard.

(a) This Company shall not be liable for loss occurring while a described building, whether intended for occupancy by owner or tenant is vacant beyond a period of sixty consecutive days. "Vacant" or "Vacancy" means containing no contents pertaining to operations or activities customary to occupancy of the building, but a building in process of construction shall not be deemed vacant.

*(b) Permission is granted for unoccupancy.*

(Emphasis added.)

**SECTION I—GENERAL BUILDING FORM:**

H. VANDALISM OR MALICIOUS MISCHIEF, meaning only the willful and malicious damage to or destruction of the property covered. This company shall not be liable for loss:

5. *If the building(s) had been vacant or unoccupied beyond a period of 30 consecutive days immediately preceding the loss,* whether or not such a period commenced prior to the inception date of this policy.

(Emphasis added.)

Section I affords property damage coverage for the property. The General Conditions Form, which provides conditions relating to both property and liability (Section II) coverage is introduced with the following language: "Additional Conditions or modifications of the following Conditions may appear in the specific coverage sections."

Plaintiff relies on paragraph 17(b), which grants permission for unoccupancy. This paragraph follows the provision which denies coverage if the premises are vacant for 60 consecutive days. He argues that this provision, which grants permission for unoccupancy, should also be applicable to the occupancy provisions of paragraph H.

Paragraph 17 of Section I, *Vacancy, Unoccupancy and Increase of Hazard,* states that Columbia will not be liable for loss which occurs while the insured building is *vacant*

for a period beyond 60 consecutive days. The policy defines "vacant" or "vacancy" as "containing no contents pertaining to operations or activities customary to occupancy of the building, but a building in process of construction shall not be deemed vacant." It does not refer to or define occupancy.

This court has similarly defined "vacant" as meaning empty, without inanimate objects, deprived of contents. *Alcock v. Farmers Mut. Fire Ins. Co.*, 591 S.W.2d 126, 128 (Mo.App.1979). A thing is vacant when there is nothing in it, when it is abandoned and not used for any purpose. *Id.* The stipulated facts show that the property here had a stove and refrigerator. Other than those items, the house was vacant. However, we do not decide whether a stove or refrigerator renders the property not vacant.

Paragraph 17(b) is part of the General Conditions section and relates to all losses to the insured property, which are listed as fire, lightning, windstorm or hail, explosion, smoke, aircraft or vehicles, riot and vandalism or malicious mischief. It denies coverage for all perils of the insured premises if they remain vacant for a period beyond 60 consecutive days. Conversely, coverage remains intact if the property is vacant up to 60 consecutive days, even if it is unoccupied. Paragraph 17(b) does not create an ambiguity. It is intended to make clear that unoccupancy will not deny coverage under this particular section.

The General Conditions Form is introduced by the provision that states: "[a]dditional [c]onditions or modifications of the following [c]onditions may appear in the specific coverage sections." Therefore, each specific peril insured against, including vandalism or malicious mischief, may be modified or limited in its respective, specific section. The permission allowing unoccupancy in paragraph 17 therefore is not applicable to the specific sections where the perils insured against are set forth.

■ The perils insured against include specific coverage for vandalism or malicious

mischief. Subparagraph 5 limits coverage for such losses if the building has been vacant or unoccupied for a period of 30 consecutive days immediately prior to the loss.[1] The term "occupancy" refers to human habitation and refers to the use of property as a customary and usual place of habitation to which return is contemplated after temporary absence. *Id.* (citing *Bledsoe v. Farm Bureau Mut. Ins. Co.*, 341 S.W.2d 626 (Mo. App.1960)).

The parties have stipulated that the plaintiff's loss was occasioned by acts of vandalism, and that the property was unoccupied for more than 30 consecutive days prior to the loss. The specific coverage for vandalism and malicious mischief provides that Columbia shall not be liable in certain specific instances, one of which is if the premises have been vacant or unoccupied for a period of 30 consecutive days before the loss. In this case, the plaintiff's rental property was unoccupied on the date of loss, January 28, 1994, and had been unoccupied for over four months. The unoccupancy exclusion was properly applied to the plaintiff's claim.

■ The plaintiff also claims that, because Columbia denied plaintiff's original claim based on the "vacancy" exclusion in its denial letter, it waived and/or was estopped from raising the "unoccupancy" exclusion as a defense.

The portion of Columbia's December 12, 1994, denial letter at issue reads:

I refer you to perils section H and subparagraph 5. Vandalism and/or Malicious Mischief are excluded if property is vacant or unoccupied beyond a period of 30 consecutive days preceding the loss. In your letter dated October 4, 1994, you advised this property had been vacant since August of 1993. We are denying the vandalism claim based on the exclusion that the building was vacant more than 30 consecutive days prior to this loss.

■ Waiver and estoppel are separate doctrines. *Blake v. Irwin*, 913 S.W.2d 923, 935 (Mo.App.1996). A waiver is the inten-

---

1. The language is in the disjunctive, indicating either a condition of vacancy or unoccupancy extending for a period of 30 days. Therefore, the premises, while they may or may not have been vacant, were, by agreement of the parties, unoccupied. See *Alcock*, 591 S.W.2d at 128.

tional relinquishment of a known right which may be implied from a party's conduct. *Id.* To be so implied, the conduct must clearly and unequivocally show a purpose to relinquish the right. *Id.*

■ Equitable estoppel applies when: 1) an admission, statement, or act (including silence or inaction) is inconsistent with the claim that is later asserted and sued upon; 2) an action is taken by the second party on the faith of the admission, statement, or act; and 3) an injury occurs to the second party, if the first party is permitted to contradict or repudiate his admission, statement, or act. *Id.* at 934.

The Supreme Court discussed the doctrines of waiver and estoppel in *Brown v. State Farm Mut. Auto. Ins. Co.,* 776 S.W.2d 384 (Mo. banc 1989). The court addressed the confusion that exists in the interchangeable use of these defenses when precluding an insurer from offering another defense after having denied liability on a different ground. The court concluded that the doctrine of estoppel is preferable, although it did not intend to eliminate waiver in the appropriate case. *Id.* at 388. "[E]stoppel is not a favorite of the law and will not be lightly invoked; it should be applied with care and caution and only when all elements constituting estoppel clearly appear." *Blake,* 913 S.W.2d at 935.

The *Brown* court opined that the "rationale of these [equitable estoppel] cases is that the plaintiff has relied to his detriment on the assertion of the defense by preparation to meet that issue and that the defendant may not shift the grounds of the defense after the fact." *Brown,* 776 S.W.2d at 389. No estoppel results, however, where the claimant is not prejudiced by his reliance on the statement of the insurer. *Id.* (citing 44 Am.Jur.2d, *Insurance* § 1665). In *Brown,* State Farm denied coverage, by letter, for the theft of plaintiff's vehicle, claiming that the loss was "not a loss as defined by your policy." The insurer's denial should not have precluded its right at trial to prove that whatever the loss, it was caused, as alleged by the defendant, by the "act, procurement or design of plaintiff or with her knowledge." The court held that there could be no showing of prejudicial reliance on the letter denial because the plaintiff cannot claim she changed her position or relied to her detriment on the initial denial. *Id.*

The initial letter in this case refers the plaintiff to the perils section, paragraph H, subparagraph 5, and the vandalism and malicious mischief exclusions, which apply if the property is vacant or unoccupied beyond a period of 30 consecutive days. The plaintiff stipulated at trial that the property had been unoccupied since September 16, 1993, and would remain so until the property was brought up to compliance with the city's ordinances and approved for re-occupancy. As of the date of the plaintiff's motion for summary judgment, the needed repair work was still in progress. In this case, the plaintiff cannot, and has not, shown prejudicial reliance on the initial denial letter which would justify invoking the doctrine of estoppel. Point denied.

■ Plaintiff's final point alleges as error, as a matter of law, the determination that the unoccupancy exclusion was enforceable under the undisputed facts because it was impossible and illegal for him to keep the property occupied during the relevant time period since the repairs were ongoing. The impossibility, he continues, is the city's prohibition against occupying the property. According to the plaintiff, the trial court should have ruled that the unoccupancy exclusion was unenforceable under the circumstances.

■ The defense of "impossibility" is not applicable to this case. The doctrine of impossibility excuses a party to a contract from performance when performance is rendered impossible by an Act of God, the law, or the other party. *Central Controls Co. v. AT & T Inf. Sys., Inc.,* 746 S.W.2d 150, 154 (Mo.App.1988). Likewise, contract provisions which violate the law, including municipal ordinances, are illegal and unenforceable. *Rice v. James,* 844 S.W.2d 64, 69 (Mo.App. 1992).

In this case, the policy did not require the plaintiff to violate any city ordinances. Nor did the policy require the plaintiff to keep the property occupied. To the contrary, the policy excused unoccupancy for certain peri-

ods and allowed for continued coverage in certain circumstances. Therefore, the city's order prohibiting occupancy of the property could hardly render the plaintiff's performance under the policy impossible.

The property was unoccupied because it had fallen into disrepair. As a result, the city revoked the plaintiff's occupancy permit. The city's order prohibiting the plaintiff from occupying the property does not make the provisions of a contract of insurance void. The trial court properly granted summary judgment. Point denied.

The judgment is affirmed.

LOWENSTEIN, P.J., and SMART, J., concur.