Richard MARTINEZ, Respondent,

v.

**EQUITY MUTUAL INSURANCE COMPANY, Appellant.**

No. WD 59675.

Missouri Court of Appeals, Western District.

Nov. 27, 2001.

Patrick Mark Reidy, Kansas City, for Appellant.

George Allen Barton, Kansas City, John B. Gage, II, Overland Park, for Respondent.

PAUL M. SPINDEN, Chief Judge.

Equity Mutual Insurance Company appeals the circuit court's judgment for Richard Martinez in Martinez' claim against

Equity Mutual for breach of contract. Equity Mutual contends that it had no obligation under the provisions of its policy, issued to a third party, to pay for the injuries sustained by Martinez. We agree and reverse the circuit court's judgment.

Martinez sustained $170,000 in injuries in a 1991 automobile collision. He was a passenger in a car driven by Equity Mutual's insured, Vicky Martin. Martin's car collided with a car driven by Michelle Autrey. Martinez sued Martin and Autrey. Autrey settled with Martinez for the full amount of her insurance coverage, $100,000. The circuit court dismissed Martinez' claim against Martin without prejudice.

Martinez sued Equity Mutual, Martin's insurer, for compensation for the unsatisfied portion of his injuries. Martinez asserted that the uninsured motorist provisions of Equity Mutual's policy created an obligation to pay him for the unsatisfied portion of his injuries.

The policy states:

**UNINSURED MOTORIST COVERAGE**

We will pay damages which a **covered person**[1] is legally entitled to recover from the owner or operator of an **uninsured motor vehicle** because of bodily injury:

1. Sustained by a **covered person**; and

2. Caused by an accident.

The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the **uninsured motor vehicle**.

. . . .

"Covered person" as used in this Part means:

1. You or any **family member**.

2. Any other person **occupying your covered auto.**

3. Any person for damages that person is entitled to recover because of bodily injury to which this coverage applies sustained by a person described in 1. or 2. above.

"**Uninsured motor vehicle**" means a land motor vehicle or trailer of any type:

1. To which no bodily injury liability bond or policy applies at the time of the accident.

2. To which a bodily injury liability bond or policy applies at the time of the accident. In this case its limit for bodily injury liability must be less than the minimum limit for bodily injury liability specified by the financial responsibility law of the state in which your covered auto is principally garaged.

. . . .

4. To which a bodily injury liability bond or policy applies at the time of the accident but the bonding or insuring company:

 a. denies coverage; or

 b. is or becomes insolvent.

. . . .

**OTHER INSURANCE**

If there is other applicable similar insurance we will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all applicable limits. However, any insurance we provide with respect to a vehicle you do not own shall be excess over any other collectible insurance.

 Rules governing the circuit court's interpretation of these provisions are "well settled." *Shahan v. Shahan,* 988 S.W.2d 529, 535 (Mo. banc 1999). Those rules include giving the language of an

---

**1.** The emphasis was in the original and indi- cated that the policy defined the term.

insurance policy its plain meaning, which is the meaning that "the average layperson would understand." *Id.* A cardinal rule is that courts must not create ambiguities to distort the intent of an unambiguous policy. *Id.*

■ In reviewing the circuit court's interpretation of the insurance policy in this case, we must affirm the court's judgment unless it is not supported by substantial evidence or is against the weight of the evidence or erroneously applies the law. *Murphy v. Carron,* 536 S.W.2d 30, 32. (Mo.1976). We conclude that the circuit court has erred on all three accounts.

■ Equity Mutual's insurance policy simply does not cover Martinez. He certainly was not a "covered person" under the policy's provisions for liability coverage. Those provisions defined a "covered person:" the named insured—who was Vicky Martin—a member of her family, or anyone using the insured vehicle.

Martinez convinced the circuit court that Equity Mutual was obligated to pay for his injuries under its policy's uninsured motorists provisions. Martinez certainly was a "covered person" as defined in those provisions as a "person occupying [the insured] auto." The problem, however, is that these provisions did not apply to the injuries suffered by Martinez in the collision of Martin's and Autrey's vehicles.

Martin's policy said, "We will pay damages which a **covered person** is legally entitled to recover from the owner or operator of an **uninsured motor vehicle** because of bodily injury[.]"[2] Autrey had purchased liability insurance for her car, and Martinez collected the full amount of coverage from it. Martinez' injuries were not fully covered, but it was not because of lack of insurance. Apparently it resulted

from a lack of sufficient insurance, but Martinez seeks to remedy his situation by collecting under provisions for *uninsured* motorists, not *underinsured* motorists.

■ The purpose of uninsured motorist coverage " 'is to give the same protection to the person injured by an uninsured motorist as he would have had if he had been injured in an accident caused by an automobile covered by a standard liability policy.' " *Webb v. State Farm Mutual Automobile Insurance Company,* 479 S.W.2d 148, 151 (Mo.App.1972) (quoting *Stephens v. Allied Mutual Insurance Company,* 182 Neb. 562, 156 N.W.2d 133, 136 (1968)). "Uninsured" is not ambiguous. Any person of average intelligence should know that the plain meaning of "uninsured" is to be lacking any insurance. *Brake v. MFA Mutual Insurance Company,* 525 S.W.2d 109, 112 (Mo.App.1975), *cert. denied,* 423 U.S. 894, 96 S.Ct. 192, 46 L.Ed.2d 126 (1975).

Not to be deterred, Martinez points to the "other insurance" provision in the "uninsured motorists" section of the policy. This provision said, "If there is other applicable similar insurance we will pay only our share of the loss. . . . However, any insurance we provide with respect to a vehicle [Martin does] not own shall be excess over any other collectible insurance." On the basis of these sentences, Martinez argues:

> It is undisputed that the uninsured motorist coverage which Equity Mutual provided was insurance with respect to a vehicle [that Martin] did not own. The uninsured motorist coverage was therefore designated as excess insurance over other collectible insurance. Martinez was therefore entitled to recover against this excess insurance after he settled his

---

**2.** The emphasis was in the original.

claim against Autrey for the full amount of her policy limits.

Martinez is simply wrong.

This provision was not an independent clause in the policy. It was a subsection of the uninsured motorist section. Hence, the other insurance to which it referred must be understood in that context, meaning that it must be understood to be referring to uninsured motorist insurance. "Other applicable similar insurance" referred to other uninsured motorist insurance.

The provision does say, as Martinez notes, that it applied to "any insurance we provide with respect to a vehicle that [Martin does] not own[.]" Equity Mutual, however, did not provide any insurance for Autrey's vehicle because Autrey's vehicle was insured and Equity Mutual's uninsured motorist coverage, therefore, had no application to Autrey's vehicle. The provision had no application to Martinez' claim for the same reason that the entire uninsured motorist section had no application to Martinez' claim: He was not making a claim for injuries resulting from an uninsured motorist. The provision's reference to "excess insurance" must, therefore, be understood in the same context.

Martinez's reliance on *Zemelman v. Equity Mutual Insurance Company*, 935 S.W.2d 673 (Mo.App.1996), is misplaced. The *Zemelman* court found that a provision similar to the "other insurance" provision in Mutual Equity's policy was ambiguous and should, therefore, be deemed excess insurance. First, *Zemelman* involved an underinsured motorist clause that conflicted with other language in the underinsured motorist section. Second, the *Zemelman* court acknowledged that it was "carv[ing] a nitch" to avoid a "harsh effect." 935 S.W.2d at 677.

■ We do not have conflicting provisions in this case. The provisions are clear and unambiguous. Martinez should have had no difficulty in understanding them. Nor do we feel at liberty, in light of *Shahan, supra,* to carve a nitch—even if we discerned a harsh result, which we do not. The Supreme Court has instructed that our obligation is to give operation to the intent of the parties to this contract. When insurance policies are unambiguous, the rules of construction are inapplicable, and in the absence of a public policy to the contrary, the policy should be enforced as written. *American Family Mutual Insurance Company v. Ward,* 789 S.W.2d 791, 795 (Mo. banc 1990).

We, therefore, reverse the circuit court's judgment.

HAROLD L. LOWENSTEIN, Judge, and EDWIN H. SMITH, Judge, concur.