**Dr. J. Alexander MARCHOSKY, Appellant,**

v.

**ST. LUKE'S EPISCOPAL–PRESBYTERIAN HOSPITALS, Respondent.**

**No. ED 95992.**

Missouri Court of Appeals, Eastern District, Division Four.

Jan. 17, 2012.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 1, 2012.

Application for Transfer Denied May 1, 2012.

the trial court refused to give defendant's tendered lesser-included-offense instruction. *Id.* at 793.

John C. Campbell, John G. Simon, Eirch V. Vieth, Frank Susman, St. Louis, MO, for Appellant.

Timothy J. Gearin, Maureen Bryan, David G. Ott, Jeffery T. McPherson, St. Louis, MO, for Respondent.

ROBERT M. CLAYTON III, Judge.

Dr. J. Alexander Marchosky appeals the judgment entered upon a jury verdict in favor of St. Luke's Health Corporation, d/b/a St. Luke's Hospital ("St. Luke's") on his claims of premises liability and general negligence.

## I. BACKGROUND

Dr. Marchosky, a neurosurgeon, performed surgery at St. Luke's several days a week. On November 9, 2007, Dr. Marchosky was leaving the operating room after finishing surgery, and he slipped and fell on a clear, wet substance that had been spilled on the floor by a custodian. Dr. Marchosky suffered significant injuries to his right shoulder, and he is no longer able to perform surgery as a result of the injuries.

Dr. Marchosky filed a claim for premises liability against St. Luke's, based upon the failure to remove or warn of the dangerous condition created by the spilled liquid. Dr. Marchosky ultimately identified two expert witnesses, Patricia Johnson and Paul Lewis[1], in support of his claim. Thereafter, St. Luke's filed a motion to strike Dr. Marchosky's experts arguing that the experts' proposed testimony related to issues not pled, and such testimony would unfairly prejudice St. Luke's because the endorsement was less than two months prior to trial. The trial court heard St. Luke's motion to strike and granted Dr. Marchosky additional time to file a memorandum informing the trial court of the probative value of his expert witnesses.

Dr. Marchosky subsequently filed his memorandum of support and offer of proof, as well as a motion for leave to amend his petition to add a count of general negligence against St. Luke's. Dr. Marchosky's offer of proof noted that Patricia Johnson would testify as to the industry standards for transport of liquids within highly specialized areas of hospitals. The trial court ultimately granted Dr. Marchosky leave to file his amended petition, but the trial court also granted St. Luke's motion to strike Patricia Johnson and Paul Lewis as experts.

Dr. Marchosky proceeded to trial on his claims of premises liability and general negligence. He did not call Patricia Johnson or Paul Lewis at trial, nor did he present any other evidence of the industry standards for transporting liquids in hospitals. A jury entered its verdict in favor of St. Luke's, assessing zero percent fault to both Dr. Marchosky and to St. Luke's. Dr. Marchosky filed a motion for new trial, arguing the trial court erred in excluding testimony from his expert, Patricia Johnson, at trial. The trial court denied Dr. Marchosky's motion for new trial, and the present appeal followed.

## II. DISCUSSION

In his sole point on appeal, Dr. Marchosky argues the trial court erred in excluding the testimony of his expert witness, Patricia Johnson, because he was prevented from demonstrating St. Luke's practice of transporting liquids was inconsistent

---

**1.** Dr. Marchosky's point on appeal concerns only the exclusion of Patricia Johnson's testimony at trial. He does not make any claim on appeal concerning error in the exclusion of Paul Lewis' testimony at trial.

with industry standards and safety regulations.

## A. Standard of Review

As an initial matter, we note that the exclusion of Johnson's testimony occurred prior to trial. In response to Dr. Marchosky's endorsement of Johnson as an expert, St. Luke's filed a motion to strike. The trial court allowed Dr. Marchosky time to file a memorandum detailing Johnson's proffered testimony and subsequently granted St. Luke's motion to strike. However, Dr. Marchosky did not attempt to call Johnson at trial, and he did not make any offer of proof detailing Johnson's testimony during trial.

■ Generally, a pre-trial ruling excluding evidence is an interlocutory decision subject to change during trial. *Wilkerson v. Prelutsky*, 943 S.W.2d 643, 646 (Mo. banc 1997). If a trial court grants a motion to exclude evidence prior to trial, an offer of proof must also be made at trial. *Id.*

■ In the present case, Dr. Marchosky argues he was not required to make such an offer of proof at trial pursuant to the general rule, based upon a narrow exception set forth in *Frank v. Envtl. Sanitation Mgmt., Inc.*, 687 S.W.2d 876 (Mo. banc 1985). In *Frank*, the Missouri Supreme Court analyzed the holding in *State ex rel. State Highway Com. v. Northeast Bldg. Co.*, 421 S.W.2d 297, 300 (Mo.1967), in which the Court made an exception to the requirement of an offer of proof. Under the *Northeast* exception, there must be a complete understanding, based on the record of the excluded testimony; the objection must be to a category of evidence rather than to specific testimony; and finally, the record must show the evidence would have helped its proponent. *Frank*, 687 S.W.2d at 883–84.

This exception was recently applied by our Court in *Eltiste v. Ford Motor Co.*, 167 S.W.3d 742, 749 (Mo.App. E.D.2005). In *Eltiste*, Ford Motor Company filed a motion in limine seeking to exclude expert testimony. *Id.* at 746. The trial court granted the motion, and ultimately a jury found in favor of Ford Motor Company on plaintiffs' claims. *Id.* at 747. On appeal, plaintiffs claimed the trial court erred in excluding their expert witnesses. *Id.* at 749. Ford Motor Company responded by claiming plaintiffs failed to preserve this claim of error because they did not make an offer of proof of the experts' testimony. *Id.* However, this Court determined that based upon the general statement of what the experts' testimony would have been in response to Ford Motor Company's motion, the first prong was met. *Id.* In addition, our Court concluded the excluded testimony constituted a category of evidence, and the excluded evidence would have helped plaintiffs. *Id.* at 749–50. Therefore, the Eltiste Court concluded plaintiffs' failure to make an offer of proof did not result in the failure to preserve the issue for appeal under the exception set forth in *Frank*. *Id.* at 750.

■ Similarly, the record in the present case reflects there was a clear understanding of what Johnson's testimony would have been. Dr. Marchosky filed a written offer of proof, with specific details as to what Johnson's testimony would be. In his document titled "offer of proof," Dr. Marchosky stated Johnson would testify regarding industry standards for handling liquids and the failure of St. Luke's to meet those standards. Specifically, the written offer of proof also stated Johnson would address:

(a) The inadequacies of [St. Luke's] policies and procedures relating to the prevention of falls from spills;

(b) The inadequacies of [St. Luke's] policies and procedures relating to the transportation of potentially bio-hazardous liquids throughout the hospital;

(c) How [St. Luke's] failure to develop, educate and enforce policies and procedures relating to transporting/handling liquid substances created spill risks within the hospital; and

(d) [St. Luke's] failure to promote a safe environment for all who enter its facilities by not following and/or implementing certain federal and Joint Commission, the nation's oldest and largest standards-setting and accrediting body in health care, guidelines.

Dr. Marchosky noted Johnson would also testify that St. Luke's failure to do so caused Dr. Marchosky's injuries. This specific statement of Johnson's expected testimony is sufficient to satisfy the first prong of the exception set forth in *Frank*, 687 S.W.2d at 883–84; *See also Eltiste*, 167 S.W.3d at 749.

In addition, St. Luke's sought to strike all of Johnson's testimony regarding industry standards for handling liquids and the failure of St. Luke's to meet those standards. The trial court did not limit its decision to strike Johnson as an expert witness to only specific testimony in this regard, but rather excluded all of Johnson's testimony. Therefore, the objection went to a category of evidence rather than specific testimony, and the second prong of *Frank* is satisfied here.

Finally, the evidence would clearly have been helpful to its proponent. Dr. Marchosky did not present any evidence of the policies for prevention of the spill, but instead presented evidence relating to the subsequent clean-up of the spill after it occurred. Had Dr. Marchosky been able to introduce expert testimony concerning the hospital industry standards for handling liquids, the jury could have considered whether the spill should have been prevented in evaluating the claim for negligence, rather than simply whether it was cleaned up appropriately. Therefore, Johnson's testimony would have been helpful to Dr. Marchosky.

■ Based upon these facts, an offer of proof was unnecessary at trial. Thus, we review the trial court's decision to exclude the expert testimony at trial for abuse of discretion. *Derrick v. Norton*, 983 S.W.2d 529, 531 (Mo.App. E.D.1998). We will not disturb the trial court's ruling in this regard unless the court exercised its discretion unjustly. *Barnes v. Kissell*, 861 S.W.2d 614, 618 (Mo.App. W.D.1993).

## B. Exclusion of Expert Testimony

■ The admissibility of expert testimony is governed by Section 490.065 RSMo (2000).[2] Pursuant to Section 490.065.1, an expert witness may testify to "scientific, technical or other specialized knowledge" to assist the trier of fact in understanding the evidence or determining a fact in question. In addition, evidence of industry standards is admissible proof in a negligence case. *Pierce v. Platte–Clay Elec. Co-op., Inc.*, 769 S.W.2d 769, 772 (Mo. banc 1989).

### 1. Relevance

■ Here, Dr. Marchosky sought to introduce expert testimony from Johnson regarding industry standards for handling liquids to decrease the potential risk of spills and to determine whether St. Luke's met these standards. St. Luke's filed a motion to strike Johnson as an expert witness. According to St. Luke's, John-

---

**2.** All further statutory references are to RSMo (2000).

son's testimony was not relevant because it related to issues not pled. In response to St. Luke's motion to strike, Dr. Marchosky sought leave to amend his petition to add a negligence claim. Notably, the trial court allowed Dr. Marchosky to amend his petition to include the negligence claim; however, the court precluded him from introducing the expert testimony to support such a claim. Once the court granted Dr. Marchosky leave to amend his petition to add a count of negligence, Johnson's specialized knowledge regarding industry standards was relevant and admissible because it would have assisted the jury in determining whether St. Luke's was negligent in failing to prevent the spill of the liquid upon which Dr. Marchosky slipped.

### 2. Prejudice

█ In addition to its arguments concerning the relevance of Johnson's testimony, St. Luke's also sought to strike Johnson as an expert based in part upon the claim that such testimony would unfairly prejudice St. Luke's since the endorsement was made less than two months prior to trial. This claim is without merit. As Dr. Marchosky noted in his response to the motion to strike, his endorsement of Johnson two months before trial was sufficient to allow St. Luke's time to prepare for trial. Johnson's deposition was noticed and set for September 1, 2010, which was approximately one month prior to trial. Therefore, the endorsement of Johnson as an expert roughly two months prior to trial did not unfairly prejudice St. Luke's. *See Day Advertising Inc. v. Devries & Assoc., P.C.,* 217 S.W.3d 362, 366 (Mo.App. W.D.2007); *Alberswerth v. Alberswerth,* 184 S.W.3d 81, 101 (Mo.App. W.D.2006); *State ex rel. Mo. Hwy. & Transp. Com'n v. Dooley,* 738 S.W.2d 457, 463 (Mo.App. E.D. 1987).

Instead, Dr. Marchosky was prejudiced by the exclusion of Johnson's testimony at trial. Because the trial court allowed Dr. Marchosky to amend his petition to add a claim of negligence but excluded Johnson's testimony, Dr. Marchosky was faced with the challenge of proceeding at trial on his claim for negligence without expert testimony concerning whether St. Luke's was negligent in handling the transportation of liquids within the hospital. Dr. Marchosky was precluded from presenting evidence to the jury regarding industry standards and St. Luke's policies for prevention of the spill itself. Dr. Marchosky was confined to presenting evidence of St. Luke's policies and training for remedial measures after a spill occurs. Once the trial court granted Dr. Marchosky leave to add a count of negligence to his petition, Dr. Marchosky should have been given the opportunity to offer his expert witness to prove his claim.

In addition to being denied the opportunity to present expert testimony to prove an essential element of his claim of negligence, St. Luke's also used the lack of evidence to argue during closing that Dr. Marchosky failed to provide the jury with such evidence. Specifically, counsel for St. Luke's pointed out the fact that Dr. Marchosky had not presented any evidence of the cart or cover that should have been used to transport the liquid instead of the cart that was used. Although Dr. Marchosky did not object to this argument, Missouri courts have stated that such argument from a party, where the evidence was excluded on the party's own motion is "misconduct constituting manifest injustice and thus reversible error." *Barnes,* 861 S.W.2d at 619; *citing Calvin v. Jewish Hosp. of St. Louis,* 746 S.W.2d 602, 605 (Mo.App. E.D.1988). As the court in *Barnes* notes, this Court's reasoning in *Calvin* was based upon the fact that counsel making the argument knew his motion to exclude the evidence was the only reason the expert testimony was not present-

ed at trial. *Barnes*, 861 S.W.2d at 619. Here, the same reasoning applies. In making its closing argument, St. Luke's knew its motion to strike Johnson as an expert was the reason Dr. Marchosky did not present specific evidence to the jury concerning preventative measures.

For the foregoing reasons, we conclude that the trial court abused its discretion in striking Johnson as an expert witness and excluding her testimony at trial. Accordingly, the judgment in favor of St. Luke's is reversed, and the cause is remanded for a new trial.

### III.   CONCLUSION

The trial court's judgment is reversed and the cause is remanded for a new trial consistent with this opinion.

PATRICIA L. COHEN, P.J. and ROY L. RICHTER, J., concur.