# United States Court of Appeals
## For the Eighth Circuit
_____

No. 21-1822
_____

AMCO Insurance Company; Depositors Insurance Company

*Plaintiffs - Appellees*

v.

Columbia Maintenance Company; MK Maintenance, LLC

*Defendants - Appellants*

Columbia Maintenance Company, doing business as MK Maintenance; William Hausman; Harold Barnett; Charles Taylor

*Defendants*

Frank Hausman

*Defendant - Appellant*
_____

No. 21-1823
_____

AMCO Insurance Company; Depositors Insurance Company

*Plaintiffs - Appellees*

v.

Columbia Maintenance Company; MK Maintenance, LLC; Columbia Maintenance Company, doing business as MK Maintenance; William Hausman

*Defendant*s

Harold Barnett; Charles Taylor

*Defendants - Appellants*

Frank Hausman

*Defendant*
——————————

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis
——————————

Submitted: December 16, 2021
Filed: February 1, 2022
[Unpublished]
——————————

Before LOKEN, SHEPHERD, and STRAS, Circuit Judges.
——————————

PER CURIAM.

An employer, Columbia Maintenance Company, wants its insurer, AMCO Insurance Company, to defend and indemnify it against employment-discrimination claims. At summary judgment, the district court[1] sided with the insurer and concluded that the claims were outside the scope of coverage. We affirm.

---

[1]The Honorable Stephen R. Clark, United States District Judge for the Eastern District of Missouri.

As with many insurance disputes, this case comes down to the language of the policy, which must be given its plain and ordinary meaning. *See Shahan v. Shahan*, 988 S.W.2d 529, 535 (Mo. banc 1999). Here, the policy expressly covers what it calls "personal and advertising injury," which includes "discrimination" committed "in the course of . . . business." The policy also contains a carveout—in insurance parlance, an exclusion—for "[e]mployment-related practices, policies, acts or omissions, such as . . . discrimination." Reading these two provisions together, as we must under Missouri law, the policy covers discrimination generally, but not when it "aris[es] out of . . . [e]mployment-related practices, policies, acts or omissions." *See Floyd-Tunnell v. Shelter Mut. Ins. Co.*, 439 S.W.3d 215, 221 (Mo. banc 2014).

Despite this straightforward interpretation, Columbia believes the policy is ambiguous and should be construed in its favor because "one provision . . . appears to grant coverage" and another "take[s] it away." *Rice v. Shelter Mut. Ins. Co.*, 301 S.W.3d 43, 48 (Mo. banc 2009) (quoting *Jones v. Mid-Century Ins. Co.*, 287 S.W.3d 687, 689 (Mo. banc 2009)) (explaining that this type of ambiguity would be "resolved in favor of coverage"). Completing the logic, Columbia's argument is that the policy cannot both "grant coverage" for discrimination-based injuries and "take it away" by excluding employment-related claims. *Id.*

The problem is that the two provisions are not "inconsistent," much less "irreconcilable." *Id.* at 49; *see also BSI Constructors, Inc. v. Hartford Fire Ins. Co.*, 705 F.3d 330, 334 (8th Cir. 2013) (noting that there is no ambiguity if the provisions can be "reconciled" with one another). Like many policies, this one contains a broad grant of coverage followed by exclusions that narrow the range of covered risks. *See, e.g.*, *Mendota Ins. Co. v. Lawson*, 456 S.W.3d 898, 905–06 (Mo. Ct. App. 2015). It simply grants coverage for discrimination claims in one provision, and then excludes a subset of them in another, which is exactly how exclusions work.

*See Floyd-Tunnell*, 439 S.W.3d at 221 (explaining that they "exclude from coverage otherwise covered risks").

      We accordingly affirm the judgment of the district court.

_____